**Levin & Dicterow**
William E. Levin (SBN 104631)
williamlevin@hotmail.com
(949) 613-5131
Admitted in California

August 21, 2017

Molly C. Dwyer
Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Re: *Nutrivita Laboratories, Inc. v. VBS Distribution, Inc., et. al.,* No. 16-55329

    Pursuant to Fed. R. App. P. 28(j), Defendant-Appellant hereby submits the Ninth Circuit's recent decision in *SunEarth, Inc. v. Sun Earth Solar Power Co.,* 839 F.3d 1179, 1180 (9th Cir. 2016).

    Appellees referred to *Sunearth Inc. v. Sun Earth Solar Power Co.*, No. 13-17622, D.C. No. 4:11-cv-04991-CW (9th Cir. 2016) in their brief to argue that the Ninth Circuit unambiguously does not apply *Octane Fitness*'s standards to decide the award of attorney's fees. *See* Appellee's Br. 15.

    The Ninth Circuit subsequently granted an *en banc* rehearing and overruled any precedent which did not apply the *Octane Fitness* standard. *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016).

                                                Respectfully submitted,

                                               */s/ William E. Levin*
                                               William E. Levin
                                               Levin & Dicterow
                                               668 North Coast Highway, Suite 1264
                                               Laguna Beach, California 92651

cc:    All Counsel of Record

**SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd., 839 F.3d 1179 (2016)**

120 U.S.P.Q.2d 1386, 16 Cal. Daily Op. Serv. 11,165, 2016 Daily Journal D.A.R. 10,515

839 F.3d 1179
United States Court of Appeals,
Ninth Circuit.

SUNEARTH, INC., a California corporation; The Solaray Corporation, a Hawaiian corporation, Plaintiffs–Appellants,
v.
SUN EARTH SOLAR POWER CO., LTD., FKA Ningbo Solar Electric Power Co., Ltd., a Chinese limited liability company; NBSolar USA Inc., a California corporation, Defendants–Appellees.

Nos. 13-17622
|
15-16096
|
Submitted En Banc October 14, 2016·, San Francisco, California
|
Filed October 24, 2016

**Synopsis**
**Background:** Owner of "Sun-Earth" trademark used in conjunction with solar energy panels filed suit against Chinese competitor alleging trademark infringement in violation of Lanham Act. The United States District Court for the Northern District of California, Claudia Wilken, Senior District Judge, 2013 WL 4528539, entered permanent injunction in favor of owner, then denied owner attorney fees and sanctions, based on competitor's alleged contempt in violating injunction, at 2013 WL 6157208. Owner appealed. The Court of Appeals, 650 Fed.Appx. 473, affirmed, and voted to rehear case en banc.

**[Holding:]** The Court of Appeals held that district courts analyzing request for fees under Lanham Act should examine "totality of the circumstances" to determine if case was exceptional, exercising equitable discretion in light of the nonexclusive factors, and using a preponderance of the evidence standard; abrogating *Secalt S.A. v. Wuxi Shenxi Constr. Mach. Co.*, 668 F.3d 677, and *Lindy Pen Co. v. Bic Pen Corp., 982 F.2d 1400*.

Remanded.

**\*1180** Appeal from the United States District Court for the Northern District of California, Claudia Wilken, District Judge, Presiding, D.C. No. 4:11–cv–04991–CW.

**Attorneys and Law Firms**

Clark E. Proffitt and Stephen B. Mosier, Hayes Soloway P.C., Tucson, Arizona, for Plaintiffs–Appellants.

James J. Foster, Hayes Messina Gilman & Hayes LLC, Boston, Massachusetts; Michael A. Albert and Eric J. Rutt, Wolf Greenfield & Sacks P.C., Boston, Massachusetts; for Defendants–Appellees.

Before: Sidney R. Thomas, Chief Judge, and M. Margaret McKeown, Kim McLane Wardlaw, William A. Fletcher, Ronald M. Gould, Richard A. Paez, Richard R. Clifton, Jacqueline H. Nguyen, Paul J. Watford, John B. Owens, and Michelle T. Friedland, Circuit Judges.

SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd., 839 F.3d 1179 (2016)
120 U.S.P.Q.2d 1386, 16 Cal. Daily Op. Serv. 11,165, 2016 Daily Journal D.A.R. 10,515

**OPINION**

PER CURIAM:

We voted to rehear this case *en banc* to reconsider our jurisprudence concerning fee awards in cases filed pursuant to the Lanham Act, 15 U.S.C. § 1051 *et seq.*

Section 35(a) of the Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). Historically, we have reviewed *de novo* a district court's finding as to whether a defendant's infringement was "exceptional" within the meaning of the Lanham Act's fee-shifting provision. *See, e.g., Secalt S.A. v. Wuxi Shenxi Constr. Mach. Co.*, 668 F.3d 677, 687 (9th Cir. 2012). We have required that a plaintiff show that a defendant engaged in "malicious, fraudulent, deliberate or willful" infringement. *See, e.g., Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1409 (9th Cir. 1993), *superseded by statute on other grounds*, Trademark Amendments Act of 1999, Pub. L. No. 106–43, 113 Stat. 218.

[1]We interpret the fee-shifting provisions in the Patent Act, 35 U.S.C. § 285, and the Lanham Act in tandem. *See Int'l Olympic Comm. v. S.F. Arts & Athletics*, 781 F.2d 733, 738–39 (9th Cir.), *as amended*, 789 F.2d 1319 (9th Cir. 1986), *aff'd*, 483 U.S. 522, 107 S.Ct. 2971, 97 L.Ed.2d 427 (1987). The fee-shifting provisions in both acts are "parallel and identical." *Georgia–Pacific Consumer Prods. LP v. von Drehle Corp.*, 781 F.3d 710, 720 (4th Cir. 2015), *as amended* (Apr. 15, 2015). Thus, we rely on an interpretation of the fee-shifting provision in one Act to guide our interpretation of the parallel provision in the other. *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, ––– U.S. ––––, 134 S.Ct. 1749, 1756, 188 L.Ed.2d 816 (2014) (interpreting the Patent Act by relying in part on "the Lanham Act's identical fee-shifting provision").

The Supreme Court has recently clarified how courts should analyze fee requests under the Patent Act. The Supreme Court held that a district court analyzing a request for fees under the Patent Act should look to the "totality of the circumstances" to determine if the infringement was exceptional. *Octane Fitness*, 134 S.Ct. at 1756. The Supreme Court explained that "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* The Court eschewed a "precise rule or formula for making these determinations" and instructed that "equitable *1181 discretion should be exercised 'in light of the considerations we have identified.' " *Id.* (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994)). Specifically, the Court cited a " 'nonexclusive' list of 'factors,' including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.' " *Id.* at 1756 n.6 (quoting *Fogerty*, 510 U.S. at 534 n.19, 114 S.Ct. 1023). The Court further clarified that the applicable burden of proof for fee entitlement was the preponderance of the evidence standard and not proof by "clear and convincing evidence." *Id.* at 1758.

In a second decision issued the same day, the Supreme Court held that Courts of Appeal should review a district court's award of fees under the Patent Act for abuse of discretion. *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, ––– U.S. ––––, 134 S.Ct. 1744, 1748–49, 188 L.Ed.2d 829 (2014).

Following these decisions, the Third, Fourth, Fifth, and Sixth Circuits have recognized that *Octane Fitness* changed the standard for fee-shifting under the Lanham Act. *Baker v. DeShong*, 821 F.3d 620, 621–25 (5th Cir. 2016); *Georgia–Pacific Consumer Prods.*, 781 F.3d at 720–21; *Slep–Tone Entm't Corp. v. Karaoke Kandy Store, Inc.*, 782 F.3d 313, 317–18 (6th Cir. 2015); *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 313–15 (3d Cir. 2014). Only the Second and Seventh Circuits have applied earlier case law to Lanham Act fee disputes, and both did so without mentioning *Octane Fitness* or *Highmark*. *Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247, 265–66 (2d Cir. 2014); *Burford v. Accounting Practice Sales, Inc.*, 786 F.3d 582, 588 (7th Cir. 2015).

[2] [3]We agree with the majority of our sister circuits and conclude that *Octane Fitness* and *Highmark* have altered the analysis of fee applications under the Lanham Act. Therefore, district courts analyzing a request for fees under the Lanham Act should examine the "totality of the circumstances" to determine if the case was exceptional, *Octane Fitness*, 134 S.Ct. at 1756, exercising equitable discretion in light of the nonexclusive factors identified in *Octane Fitness* and *Fogerty*, and using

**SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd., 839 F.3d 1179 (2016)**
120 U.S.P.Q.2d 1386, 16 Cal. Daily Op. Serv. 11,165, 2016 Daily Journal D.A.R. 10,515

a preponderance of the evidence standard. Pursuant to *Highmark*, our review of the district court's decision on fees awarded under the Lanham Act is for abuse of discretion. 134 S.Ct. at 1748–49. We overrule our precedent to the contrary.

With this correction in the law, we return control of the case to the three-judge panel for resolution of the remaining issues presented by the case.

**REMANDED.**

**All Citations**

839 F.3d 1179, 120 U.S.P.Q.2d 1386, 16 Cal. Daily Op. Serv. 11,165, 2016 Daily Journal D.A.R. 10,515

Footnotes

\*   The en banc court unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**End of Document**

© 2017 Thomson Reuters. No claim to original U.S. Government Works.

9th Circuit Case Number(s) | 16-55329

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

*********************************************************************************

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date)  8/21/2017 .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) | /s/ William E. Levin

*********************************************************************************

## CERTIFICATE OF SERVICE
### When Not All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) _____ .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format)